UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALISON A.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. 3:20-cv-06241-BAT

**ORDER REVERSING THE COMMISSIONER'S FINAL DECISION AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff appeals the partial denial of her application for Disability Insurance Benefits. She contends the ALJ erred by finding her disability ended July 1, 2016. Dkt. 16. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 45 years old, has a high school education, and has worked as a claims appeal representative and adjudicator. Tr. 29, 130. She applied for benefits in 2015, alleging disability as of September 2014. Tr. 130. The ALJ conducted four hearing between April 2019 and May 2020. Tr. 41-129. In May 2020, the ALJ issued a decision finding Plaintiff disabled from September 20, 2014, through June 30, 2016. Tr. 22. The ALJ found "the severity of the claimant's upper extremity disorders medically equaled the criteria" of listing 1.02 during this

period. Tr. 21. Beginning July 1, 2016, after Plaintiff "fully recovered from shoulder surgery," the ALJ found her impairments no longer met a listing and she was no longer disabled. Tr. 22.

Plaintiff contends the ALJ erred in finding medical improvement.

**DISCUSSION**

Plaintiff first argues the ALJ relied upon "one portion of one page" of a physical therapy treatment note to find improvement. Dkt. 16 at 7 (citing Tr. 812). However, the ALJ relied on multiple sources, including several treatment notes and the testimony of medical expert Robert Thompson, M.D. *See* Tr. 22-24. Plaintiff also argues the physical therapy note shows continued "muscle atrophy." Tr. 812. However, this note is from June 17, 2016, when there is no dispute Plaintiff was disabled. Plaintiff cites a treatment note from August 25, 2016, stating she is "at her baseline." Tr. 982. The note indicates no further improvement is expected, but does not undermine the ALJ's finding of medical improvement in July 2016.

However, Plaintiff also cites a January 2017 treatment note showing "severe atrophy" of right shoulder deltoid muscles, which she argues undermines the ALJ's finding of medical improvement. Tr. 1507. The Commissioner argues the right shoulder finding is irrelevant because Listing 1.02 requires inability to perform fine and gross movements effectively in *both* upper extremities. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 1.02B. The Commissioner contends the ALJ found Plaintiff met Listing 1.02 based on the combination of right shoulder/arm limitations and left carpal tunnel syndrome, but the carpal tunnel syndrome subsequently improved. Dkt. 17 at 5. In support, the Commissioner cites a treatment note stating Plaintiff was "very pleased with her progress" after her November 2016 left hand/wrist surgery. Tr. 1025. Improvement in November 2016 does not, however, support the ALJ's determination of medical improvement in July 2016. The ALJ's decision actually reflects he

found Plaintiff's impairments no longer met Listing 1.02 because treatment notes showed "only mild strength deficits in her right upper extremity." Tr. 23. This finding is undermined by the January 2017 treatment note showing severe atrophy in the right shoulder. *See* Tr. 1507. Although the ALJ acknowledged another finding of "deltoid atrophy" in February 2017, the ALJ did not meaningfully address this significant, probative evidence or explain how he resolved the conflict between muscle atrophy and near-normal muscle strength. Tr. 1062; *see* Tr. 26 ("deltoid atrophy" but "4-5/5 right upper extremity strength"). As Plaintiff notes, her deltoid strength was measured at 4/5 even in November 2014, when there is no dispute she was disabled. Tr. 898.

The Commissioner argues Plaintiff's pain was "well controlled." Dkt. 17 at 5 (citing Tr. 1125). This does not, however, address whether Plaintiff was able to use either of her upper extremities.

The Court concludes the ALJ erred by failing to address significant probative evidence. *See Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995) (ALJ may not reject "significant probative evidence" without explanation). The error is harmful as the ALJ may have made an erroneous determination of medical improvement.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ should reevaluate the evidence of medical improvement after June 2016 and, as appropriate, continue with the disability determination.

DATED this 13th day of July 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge